## A. DUTTON v. J. E. NORTON.

(No. 2769, Op. Book No. 4.)

APPEAL from Somervell County.    Opinion by WILL-SON, J.

§ 357. *Appeal, notice of; no particular form of words necessary to constitute.*    Where the transcript from the justice's court on appeal to the county court contained the following entry from his docket: "December 10th, A. D. 1882.    Motion for new trial presented by defendant. Service of same waived by plaintiff, and said motion overruled by the court and notice of appeal given in open court," it was contended that the notice of appeal was insufficient, because it does not state by whom such notice was given.    *Held,* the objection was hypercritical.    There is no particular form of words required to constitute a notice of appeal.    If it is manifest that the entry shows with reasonable certainty that the party dissatisfied with the judgment had announced in open court his intention to take the case to the appellate court, it is sufficient. [Rev. Stats. art. 1640.] [1]

§ 358. *Appeal bond; when it sufficiently describes the judgment appealed from.*    Where an appeal bond gives correctly the substance and legal effect of the judgment, and is sufficiently accurate in its description of the judgment to identify it as the judgment intended to be appealed from, it is a valid appeal bond in this respect, although it may fail in some respects to describe the judgment fully.    [Herndon v. Bremond, 17 Tex. 434; Hub v. Johnson & Co. (Ct. App.) *post,* p. 336.]

§ 359. *Transcript; preparation of, for appeal.*    Where the record in the court below is voluminous, counsel of parties could, and should, under rule 82, governing district and county courts, agree upon the papers necessary to be embraced in the transcript, or, when practicable, and

---

[1] No notice of appeal is now required to be given in open court.    [Acts 18th Leg. p. 91.]

which is better, if the facts are few, should prepare an agreed case, under the provision of art. 1414, Rev. Stats.

**§ 360.** *Replead; parties required to, when.*  When the pleadings have multiplied until it is troublesome and difficult to understand the issues, the court should require the parties to replead under rule 2 for district and county courts.

May 16, 1883.                    Reversed and remanded.